45 F.3d 431
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio Garza CONTRERAS, Defendant-Appellant.
 No. 93-2370.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1994.
 
 Before: JONES and BATCHELDER, Circuit Judges; and BECKWITH, District Judge*.
 PER CURIAM.
 
 
 1
 Defendant appeals the sentence imposed by the district court after he pled guilty to conspiring to distribute marijuana. We affirm.
 
 
 2
 Defendant was jointly indicted with five others for conspiring to distribute marijuana, a violation of 21 U.S.C. Sec. 846. Defendant was one of the four defendants who pled guilty to the charge; a fifth defendant, Fernando Gonzales, was a fugitive from justice, and the sixth defendant, Erasmo Gonzales, went to trial. During the government's investigation of the offense, defendant repeatedly implicated both Fernando Gonzales and Erasmo Gonzales in the conspiracy. At the trial of Erasmo Gonzales, however, defendant testified that Erasmo had never been involved, and that all of the acts which he had earlier attributed to Erasmo had actually been committed by Fernando. When asked during his testimony to explain why he had initially implicated Erasmo, defendant was able to give no explanation whatever.
 
 
 3
 The probation department recommended that because of his perjured testimony, defendant's base offense level be increased to reflect an adjustment for obstruction of justice pursuant to the United States Sentencing Commission Guidelines (U.S.S.G.) Sec. 3C1.1,[1] and the government agreed. The district court stated plainly during the sentencing hearing that it found defendant's testimony exonerating Erasmo to be wholly incredible, and added the two-level enhancement.
 
 
 4
 Defendant's sole argument here is that viewing his testimony in the light most favorable to him, the evidence is insufficient to establish that he committed perjury. This is so, he contends, because (1) the district court had referred in its statement to defendant's prior testimony, when in fact, the prior statements to the government had not been statements under oath, and (2) his testimony at trial had, according to the government, been "entirely consistent" with what he had told the Drug Enforcement Agency (DEA) agents earlier except that he had deleted all references to Erasmo and attributed all of the actions instead to Fernando, a change which defendant characterizes as "not material."
 
 
 5
 Defendant does not claim that perjury is not a proper basis for imposing the obstruction enhancement. Rather he claims that he did not commit perjury. However, as his counsel correctly observed at sentencing, whether defendant committed perjury at the trial of Erasmo Gonzales boils down to a credibility contest. Here the district court clearly considered the evidence and the defendant's testimony and found that the defendant was wholly incredible and had deliberately constructed a different version of the facts than he had earlier provided to the government. Such credibility determinations are for the district court to make. See 18 U.S.C. Sec. 3742(e). Nothing in this record suggests that this credibility determination is clearly erroneous and we hold that it is not.
 
 
 6
 Defendant's argument is not helped by his claim that the district court referred in its statement on the record to defendant's prior "testimony." It is clear from the context of the remarks that this was nothing more than a misstatement. The district court's focus was not on whether the earlier statements had been under oath, but on the fact that the trial testimony was deliberately fabricated.
 
 
 7
 We hold that the matters as to which defendant committed perjury were material to the prosecution of co-defendant Erasmo Gonzales, that this perjury is properly the basis of an enhancement for obstruction of justice under U.S.S.G. Sec. 3C1.1, and that the district court properly enhanced defendant's offense level by two for obstruction of justice.
 
 
 8
 The sentence is affirmed.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation
 1 U.S.S.G. Sec. 3C1.1 reads:
 Obstructing or Impeding the Administration of Justice. If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.