UNITED STATES of America,
Plaintiff–Appellee,

v.

Cynthia HORRY, Defendant–Appellant.

No. 94–1625.

United States Court of Appeals,
Sixth Circuit.

Submitted March 6, 1995.

Decided March 22, 1995.

Mark C. Jones, Asst. U.S. Atty., Office of the U.S. Atty., Flint, MI, Kathleen Moro Nesi, Asst. U.S. Atty. (briefed), Office of the U.S. Atty., Detroit, MI, for plaintiff-appellee.

David W. Wright (briefed), Bloomfield Hills, MI, for defendant-appellant.

Before: KENNEDY and NORRIS, Circuit Judges; BECKWITH, District Judge.*

KENNEDY, Circuit Judge.

Defendant Cynthia Horry was convicted of wire fraud in violation of 18 U.S.C. § 1343. She appeals her conviction and sentence, arguing that the evidence was insufficient to support her conviction and that the District Court erred in departing upward in calculating her criminal history, in enhancing her sentence for more than minimum planning, and in enhancing her sentence for obstruction of justice. We affirm except for the obstruction of justice enhancement.

Defendant was charged with conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846; drug-related murder and aiding and abetting in drug-related murder in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; and wire fraud. A jury found defendant guilty of wire fraud, but acquitted her on the drug conspiracy and drug-related murder charges.[1]

At sentencing, the court adjusted defendant's base offense level upward two points because the offense involved more than minimal planning and two points for obstruction of justice. The court also found that defendant's criminal history category did not adequately reflect the seriousness of her prior criminal history and departed upward from Criminal History Category I to Criminal History Category II. The court sentenced defendant to fourteen months imprisonment followed by three years supervised release and ordered her to pay a $10,000 fine. Defendant now appeals her conviction and sentence.

Defendant first argues that there was insufficient evidence to sustain her conviction for wire fraud. Defendant argues that she did not have a specific intent to defraud Village BMW because she intended to make the lease payments and that the auto dealership did not suffer any loss.

We need not address this argument, however, because defendant did not properly preserve her argument for appellate review. In order to appeal a conviction based on sufficiency of the evidence, a defendant must move for judgment of acquittal during trial or within seven days after the jury is discharged pursuant to Fed.R.Crim.P. 29. Defendant limited her motion for judgment of acquittal to counts two and three of the indictment, the drug conspiracy and drug-related murder charges. She did not include count eight, the wire fraud count, in her motion. Absent a manifest miscarriage of justice, defendant's failure to move for judgment of acquittal on the wire fraud count constitutes a forfeiture of her right to challenge the sufficiency of the evidence on this count. *United States v. Morrow*, 977 F.2d 222, 230 (6th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2969, 125 L.Ed.2d 668 (1993); *United States v. Swidan*, 888 F.2d 1076, 1080 (6th Cir.1989).

We find no manifest miscarriage of justice in this case. To prove wire fraud under § 1343, the government must establish: "(1) the existence of a scheme to defraud, (2) use of wire communications in furtherance of the scheme, and (3) that the scheme was intended to deprive a victim of money and property." *United States v. Merklinger*, 16 F.3d 670, 678 (6th Cir.1994). Defendant herself admitted the essential elements of the crime: that she submitted via fax a false application, W-2, and pay stub to Village BMW, knowing that these documents were false, in an effort to obtain a lease.

We disagree with defendant that Village BMW needed to have suffered a loss. The

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

1. Horry's co-defendants were indicted and convicted on several counts, including the drug conspiracy and drug-related murder charges. Their appeals are not consolidated with Horry's accelerated appeal. One defendant is still a fugitive.

government need only "charge that the defendant *intended* to defraud the victim of money or property, not that the victim was actually deprived of money or property." *United States v. Ames Sintering Co.*, 927 F.2d 232, 235 (6th Cir.1990) (emphasis in original). Defendant testified that she was always late on her lease payments because "[she] could never afford the car," a statement which indicates her intent to defraud.

■ Defendant next argues that the district court was mistaken in the facts it relied upon to depart upward from criminal history category I to criminal history category II. When a district court departs from the sentencing guidelines on the basis of a defendant's extensive criminal history, we use a clearly erroneous standard of review for the court's factual findings. *United States v. Belanger*, 892 F.2d 473, 475 (6th Cir.1989). We find no error in the present case. Defendant testified that she did not legally own the handgun in question, a gun that was in her house in addition to the guns in the safe.

■ Defendant argues that the government improperly increased her sentence by two levels for more than minimum planning. Defendant contends that because the government only proved she used the false documents but did not prove that she created them, the court erred in holding her responsible for the complex nature of the offense.

We have held that " 'more than minimal planning' is determined on the basis of the overall *offense,* not on the role of an individual *offender.*" *United States v. Ivery,* 999 F.2d 1043, 1046 (6th Cir.1993) (citation omitted). We noted in *Ivery* that:

> [T]he Guidelines set out three situations, any one of which warrants an enhancement for "more than minimal planning": cases where more planning occurs than is typical for commission of the offense in a simple form; cases involving significant steps to conceal; and cases involving repeated acts over a long period of time, unless each instance was purely opportune.

*Id.* at 1046 (citation omitted); U.S.S.G. 1B1.1 note 1(f).[2] *United States v. Moored,* 997 F.2d 139 (6th Cir.1993), is a case analogous to the present situation. In *Moored,* we held that a court could enhance the defendant's sentence based on a fraud conviction where "[d]efendant did not merely misrepresent his assets in a loan application.... Rather, he concocted a plan to defraud the lender-victims by supplying a forged letter of credit and a phony purchase offer for his stock." *Id.* at 145.

In the present case, the offense involved more than simply providing false information on an application form. The offense involved the preparation of false documents and defendant's waiting by the false telephone number to verify her employment. The District Court thus did not err in enhancing defendant's sentence for more than minimal planning.

■ Finally, defendant argues that the District Court improperly increased her sentence for obstruction of justice. The District Court found an obstruction of justice based on defendant's trial testimony that she had used a false name when writing to her husband, who was in prison in Ohio, in order to assist him in avoiding detection by law enforcement officials. As a result, defendant's husband was able to become a federal fugitive. Defendant argues that this basis for enhancing her sentence was improper because her assistance was not related in any way to the offense of conviction.

■ Issues involving the interpretation of the Sentencing Guidelines are legal questions which we review de novo. *United States v. Smith,* 39 F.3d 119, 122 (6th Cir. 1994). The Sentencing Guidelines provide for a two level enhancement "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense...." U.S.S.G. § 3C1.1. All circuits which appear to have considered the issue have held, and we agree, that the obstruction

**2.** The Guidelines give an example of "more than minimal planning" which is instructive:

> In an embezzlement, a single taking accomplished by a false book entry would constitute only minimal planning. On the other hand,

creating purchase orders to, and invoices from, a dummy corporation for merchandise that was never delivered would constitute more than minimal planning....
U.S.S.G. 1B1.1 note 1(f).

must occur solely with respect to the offense of conviction. *See United States v. Partee,* 31 F.3d 529, 531 (7th Cir.1994); United *States v. Bagwell,* 30 F.3d 1454, 1458–59 (11th Cir.1994); *United States v. Levy,* 992 F.2d 1081, 1083–84 (10th Cir.1993); *United States v. Yates,* 973 F.2d 1, 4–5 (1st Cir.1992); *United States v. Belletiere,* 971 F.2d 961, 967 (3d Cir.1992); *United States v. Barry,* 938 F.2d 1327, 1333–34 (D.C.Cir.1991); *United States v. Lato,* 934 F.2d 1080, 1083 (9th Cir.), *cert. denied,* 502 U.S. 897, 112 S.Ct. 271, 116 L.Ed.2d 224 (1991); *United States v. Perdomo,* 927 F.2d 111, 118 (2d Cir.1991); *United States v. Dortch,* 923 F.2d 629, 632 (8th Cir. 1991); *United States v. Roberson,* 872 F.2d 597 (5th Cir.), *cert. denied,* 493 U.S. 861, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989).

In the present case, defendant's use of a false name to assist her husband is unrelated to her conviction for wire fraud. Nothing in the record shows that her husband was involved in any way in the fraud. Therefore, this cannot be a basis for enhancing her sentence for obstruction of justice and her sentence must be recalculated without the enhancement.

For the foregoing reasons, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent with this opinion.