60 F.3d 829
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Paul R. DENISON, Defendant-Appellant.
 No. 94-6296.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1995.
 
 Before: MARTIN and RYAN, Circuit Judges, and JOHN R. GIBSON, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Paul R. Denison appeals from the sentence imposed on his guilty plea to a charge of trafficking in counterfeit goods in violation of 18 U.S.C. Secs. 2320 and 2 (1988). He argues that the district court erred by making a two-point increase in his offense level for "more than minimal planning" under USSG section 2F1.1(b)(2) (Nov. 1994), and by considering the past conviction of Denison's father for trafficking in counterfeit goods. We affirm the sentence.
 
 
 2
 Denison was charged in a twenty-two count indictment with the sale of counterfeit merchandise, including Chanel and Gucci T-shirts; Rolex, Gucci, Mickey Mouse, and Tag Heuer watches; and Dooney & Bourke, Prada, and Louis Vitton purses. Customs agents seized the merchandise from a booth at a trade show in Memphis, Tennessee. The merchandise had a retail value in excess of $35,000, and a wholesale value in excess of $20,000.
 
 
 3
 Denison agreed to plead guilty to count IV of the indictment, which charged him with trafficking in 164 counterfeit Rolex watches, in return for dismissal of all other counts. The plea agreement stated that the amount of loss was $21,291. At sentencing, the court adjusted Denison's base offense level upward by two levels because the offense involved more than minimal planning. USSG Sec. 2B1.1(b)(2).[1] The court sentenced Denison to twelve months imprisonment followed by three years of supervised release and fined him $500.
 
 
 4
 Denison concedes that we must review the district court's finding of more than minimal planning under the clearly erroneous standard. United States v. Ivery, 999 F.2d 1043, 1045 (6th Cir. 1993).
 
 
 5
 We have identified three circumstances warranting an enhancement for more than minimal planning: "cases where more planning occurs than is typical for commission of the offense in a simple form; cases involving significant steps to conceal; and cases involving repeated acts over a long period of time, unless each instance was purely opportune." United States v. Horry, 49 F.3d 1178, 1180 (6th Cir. 1995) (internal quotation marks and citation omitted). Denison argues his offense involved only that level of planning typical for commission of the offense in a simple form.
 
 
 6
 The district court found that Denison engaged in "a very elaborate sales effort of counterfeit goods." The court found that the offense involved a significant quantity and variety of merchandise, which Denison purchased in Atlanta and transported to Tennessee. Denison arranged to participate in the trade show. He leased space, and then displayed and sold the merchandise at the trade show. The overall offense required more planning than is typical for the offense in a simple form. See Horry, 49 F.3d at 1180. The court did not clearly err in finding more than minimal planning and in increasing Denison's sentence.
 
 
 7
 Denison next argues that the district court improperly considered the 1987 conviction of his father for trafficking in counterfeit goods. Denison acknowledged that he was "around" when his father committed the offense. When counsel objected to the court considering Denison's father's conviction, the district court judge clarified that he was neither concluding that Denison was involved with his father's 1987 counterfeiting, nor considering that conviction in sentencing Denison. The judge confirmed that he imposed Denison's sentence solely on the events in this case. The judge explained that while everyone is "charged with knowing what the law is ... it's another thing to have it brought home more photographically to you by having someone you know convicted of that type of offense." The district court stated that it considered the father's crime only to demonstrate Denison's awareness of the law. It is evident that the district court sentenced Denison based on the record in this case, and did not rely on improper, inaccurate, or mistaken information. See United States v. Borrero-Isaza, 887 F.2d 1349, 1353 (9th Cir. 1989).
 
 
 8
 We affirm Denison's sentence.
 
 
 
 *
 The Honorable John R. Gibson, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 The court determined that the base offense level was six. USSG Sec. 2B5.3(a) (Nov. 1994). The court added four levels based on the amount of loss, USSG Secs. 2B5.3(b)(1) and 2F1.1(b)(1)(E) (Nov. 1994), and deducted two levels for acceptance of responsibility. USSG Sec. 3E1.1(a) (Nov. 1994)