69 F.3d 538
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark HILL, Defendant-Appellant.
 No. 94-2082.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1995.
 
 1
 Before: BATCHELDER and MOORE, Circuit Judges; and ENSLEN, Chief District Judge.*
 
 ORDER
 
 2
 Mark Hill, a pro se federal prisoner, appeals his sentence as reimposed by the district court following his guilty plea to one count of distributing approximately 22.7 grams of crack cocaine in violation of 21 U.S.C. Sec. 841(a)(1). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Hill pleaded guilty on May 18, 1993, to the count described above pursuant to an amended Fed.R.Crim.P. 11 plea agreement. The district court sentenced him on May 20, 1993, to 63 months in prison and four years of supervised release. There was no direct appeal. However, Hill subsequently filed a motion to vacate sentence under 28 U.S.C. Sec. 2255, raising the issues of ineffective assistance of counsel, the trial court's failure to inform him of his right to appeal, and the trial court's failure to make findings of fact regarding disputed sentencing issues. In an order filed on April 28, 1994, the district court granted Hill's motion in part and denied it in part. Although the court concluded that trial counsel had rendered effective assistance, it conceded that Hill's other two issues had merit and resentenced him on September 13, 1994, to 63 months in prison and four years of supervised release, this time ruling on his objections and informing him of his appellate rights.
 
 
 4
 On appeal, Hill argues that the district court erred in assigning him three criminal history points instead of one, resulting in a criminal history category of II.
 
 
 5
 Upon review, we affirm the district court's judgment because the two misdemeanor convictions challenged by Hill were properly counted under USSG Sec. 4A1.2 (1993). Issues involving the interpretation of the Sentencing Guidelines are questions of law subject to de novo review. United States v. Horry, 49 F.3d 1178, 1180 (6th Cir.1995).
 
 
 6
 Hill's argument as it relates to his uncounseled misdemeanor conviction is clearly without merit in light of the recent Supreme Court opinion in Nichols v. United States, 114 S.Ct. 1921 (1994). In Nichols, the Court held that, "consistent with the Sixth and Fourteenth Amendments of the Constitution ... an uncounseled misdemeanor conviction, valid under Scott [v. Illinois, 440 U.S. 367 (1979),] because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." Id. at 1928.
 
 
 7
 Our determination that Hill's uncounseled misdemeanor conviction was properly assessed one point requires, in itself, that this court affirm the district court's judgment, because a total of two criminal history points (Hill does not contest one of the three assigned by the probation officer) places him in Criminal History Category II. Therefore, we need not address the question of whether the district court erred in also assigning one criminal history point under USSG Sec. 4A1.2(c)(1) (1993) to Hill's misdemeanor conviction for violating a local ordinance against loitering for sale or obtaining of controlled substances.
 
 
 8
 Accordingly, the district court's judgment, filed on September 15 and entered on September 22, 1994, is affirmed.
 
 
 
 *
 The Honorable Richard A. Enslen, Chief United States District Judge for the Western District of Michigan, sitting by designation