**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jeffery WALKER (95–6402) and Jeffery Watkins (95–6404), Defendants–Appellants.**

**Nos. 95–6402, 95–6404.**

United States Court of Appeals, Sixth Circuit.

Argued and Submitted Dec. 5, 1996.

Decided July 11, 1997.

Gregg L. Sullivan, Asst. U.S. Atty. (argued and briefed), Chattanooga, TN, for Plaintiff–Appellee.

Jeffery Walker, Springfield, MO, pro se, William H. Ortwein (argued and briefed), Ortwein & Associates, Chattanooga, TN, for Defendant–Appellant in No. 95–6402.

Perry H. Piper (briefed), Federal Defender Services of Eastern Tennessee, Inc., Chattanooga, TN, for Defendant–Appellant in No. 95–6404.

Before: WELLFORD, RYAN, and SILER, Circuit Judges.

SILER, J., delivered the opinion of the court, in which WELLFORD, J., joined. RYAN, J. (pp. 407–409), delivered a separate dissenting opinion.

## OPINION

SILER, Circuit Judge.

Defendant Jeffery Walker appeals his sentence following a conviction entered on a plea of guilty to conspiracy to possess with intent to distribute cocaine and cocaine base and using and carrying a firearm during and in relation to a drug trafficking crime. Defendant Jeffery Watkins appeals his sentence and conviction entered on jury verdicts of guilty of conspiracy to possess with intent to distribute cocaine and cocaine base and possession and distribution of cocaine and cocaine base. In this opinion we address only the issue of whether the district court erred in assessing Walker a two-level increase at his sentencing for obstruction of justice. All other issues raised by the appeal are addressed in an unpublished appendix to this opinion.

## I.

Based on information received from a confidential informant, narcotics officers in Chattanooga, Tennessee obtained a search warrant for Walker's apartment. In executing the warrant, the officers made a forced entry into the apartment through a kitchen door. After entering, they observed both Watkins and Walker in the living room. Walker was standing next to a table where Watkins was seated. The officers instructed Watkins and Walker not to move. However, Walker picked up a semiautomatic pistol from the table where Watkins was seated. The officers instructed him to drop the gun. Instead, he pointed the gun at the officers, who then opened fire, shooting him approximately fifteen times.

Later, Walker, Watkins, and Perry McCrobey were indicted on drug and firearms charges. On April 27, 1995, Walker pleaded guilty, pursuant to a Rule 11 agreement, to counts one and five. Count one charged the defendants with conspiracy to manufacture and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2. Count five charged the defendants with using or carrying a gun during a drug trafficking offense in violation of 18 U.S.C. § 924(c). As part of the plea bargain, the government agreed to drop the other charges against Walker and Walker agreed to, among other things, "be completely forthright and testify truthfully ... at any trial."

Prior to Walker's sentencing, Watkins went to trial. At Watkins's trial, Walker denied that Watkins had anything to do with drug activity. He claimed that Watkins was only at the apartment to watch a boxing match and that Watkins was seated at the table with the drugs only because he was trying on some gym shoes. Walker also acknowledged that he picked up the gun from the table when the police entered, but he claimed that he dropped the gun when the officers identified themselves. He maintained that the officers fired on him after he had dropped the gun. Despite this testimony, Watkins was found guilty on several counts.

At Walker's sentencing hearing, the court found that Walker had given perjurious testimony during Watkins's trial. Specifically, the district court found that he lied when he testified that Watkins had nothing to do with the drugs and when he testified that he dropped his gun before the police fired on him. Accordingly, the court gave Walker a two-level increase for obstruction of justice. Walker was sentenced to a total of 270 months' incarceration followed by five years' supervised release.

## II.

Under the sentencing guidelines, a defendant's offense level can be increased by two levels if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 (1994). "[C]ommitting ... perjury" is conduct "to which this enhancement applies." *Id.*, comment. (n. 3). This court employs a clearly erroneous standard in reviewing a district court's factual determination that the defendant's conduct warrants an obstruction of justice enhancement. *United States v. Zajac*, 62 F.3d 145, 148 (6th Cir.), *cert. denied,* — U.S. —, 116 S.Ct. 681, 133 L.Ed.2d 529 (1995); *United States v. Mahaffey*, 53 F.3d 128, 133 (6th Cir.1995). Issues involving the interpretation of the Sentencing Guidelines are legal questions which we review de novo. *United States v. Smith*, 39 F.3d 119, 122 (6th Cir.1994).

Walker argues that the enhancement was erroneous because it was based on evidence outside of the record of his sentencing hearing. Furthermore, he maintains that the alleged perjured testimony regarding his dropping the gun was not material. Finally, he contends that, because his "testimony ... was in the trial of a co-defendant and not the offense for which the defendant was indicted, it was error for the Court to increase his sentence by two levels."

Walker's argument that the enhancement was based on evidence outside the record is disingenuous and without merit. The record of the sentencing hearing clearly indi-

cates that the court, defense counsel and the government all had transcripts of Walker's testimony from Watkins's trial. Furthermore, the presentence investigation report indicated the grounds upon which the recommended enhancement was based. The two perjured statements were in the transcript and, therefore, within the record. Thus, the lower court made the proper record findings and did not commit error.

■ Also, the district court correctly found that the perjured testimony regarding the dropping of the gun was material. Specifically, the district court found that the perjured testimony "was material in that trial because ... it reflected on the credibility of the police officers who had testified in that trial as to what happened and what they saw in that apartment." Material information is "information that, if believed, would tend to influence or affect the issue under determination." *United States v. Crousore*, 1 F.3d 382, 385 (6th Cir.1993); *see* USSG § 3C1.1, comment. (n.5). At trial, the government's case was premised, in large part, on evidence seized pursuant to a search warrant executed by the officers. Had the jury believed Walker's testimony, this would have discredited the officers and certainly could have influenced the outcome of the case. Clearly, the testimony was material.

■ Finally, we must consider whether a defendant may have his sentence enhanced under USSG § 3C1.1 for perjury committed during the trial of a codefendant. Walker notes that section 3C1.1 requires that the obstruction occur "during the investigation, prosecution, or sentencing of the **instant offense**." (emphasis added). Essentially, he maintains that, because he had already pleaded guilty to counts one and five, he could not have obstructed justice by later committing perjury at Watkins's trial. In other words, he opines that the later perjury did not occur during the "instant offense."

Walker cites *United States v. Strang*, 80 F.3d 1214 (7th Cir.1996), as persuasive authority. In *Strang*, the district court gave Robyn Strang a section 3C1.1 enhancement for his perjurious testimony at his son's trial, despite the fact that Robyn had already pleaded guilty to some counts emanating from a conspiracy involving both Robyn and his son. The Seventh Circuit, narrowly construing the "instant offense" language, reversed. The court noted that Robyn's "testimony was less than truthful, but it was given in the trial of a codefendant." *Id.* at 1218. Essentially, the court articulated a virtual per se rule that a court cannot impose an obstruction of justice "enhancement to a defendant who testified untruthfully in the trial of a codefendant." *Id.*

In the case at bar, Walker and his codefendant, Watkins, were charged with conspiracy together, aiding and abetting one another, and in joining together in commission of substantive offenses. Walker gave false exculpatory testimony in the trial of his codefendant. The defendant and codefendant were inextricably related in the criminal offenses charged against both. Under the circumstances, the district court could conclude that defendant "willfully obstructed, or attempted to obstruct, the administration of justice during the prosecution of the 'instant offense,'" to use the applicable language of section 3C1.1. This conclusion, contrary to the dissent's view, is supported by *United States v. Acuna*, 9 F.3d 1442, 1446 (9th Cir. 1993):

> Acuna argues that even if his trial testimony was false, it was not an obstruction of justice related to his "instant offense" because he only testified falsely about his coconspirators' conduct. However, section 3C1.1 applies when "a defendant attempts to obstruct justice in a case closely related to his own, such as that of a codefendant." *United States v. Bernaugh*, 969 F.2d 858, 861 (10th Cir.1992);....

The Sixth Circuit has not clearly resolved this issue. There are no published opinions in the Sixth Circuit that are precisely on point.[1] However, it appears that this circuit

---

1. However, several unpublished opinions, although admittedly not binding, are instructive and militate in favor of permitting the enhancement. *See, e.g., United States v. Contreras*, 45 F.3d 431 (Table), 1994 WL 714430 (6th Cir. Dec.21, 1994) (holding that a drug defendant who pleaded guilty and then perjured himself at his co-defendant's trial was properly granted an

has been willing to grant an obstruction of justice enhancement grounded on a defendant's perjured testimony in a separate but related proceeding. For instance, in *United States v. Nesbitt*, 90 F.3d 164 (6th Cir.1996), this court affirmed the district court's obstruction enhancement grounded on defendant's lying at a deposition in another party's civil forfeiture case. The court stated that "this conduct was related to the 'instant offense' in that it was intended to impede the same government investigation that ... resulted in [the defendant's] plea bargain and conviction." *Id.* at 169. In the case at bar, the government investigation led to both Walker's plea and Watkins's trial. Clearly, by perjuring himself at Watkins's trial, Walker was intending to impede the same investigation that resulted in his plea and conviction. Thus, according to *Nesbitt,* the district court did not err in granting the obstruction of justice enhancement.

We recognize the statement in *United States v. Horry,* 49 F.3d 1178 (6th Cir.1995), that "the obstruction must occur solely with respect to the offense of conviction." *Id.* at 1180–81. In *Horry,* however, the court determined that the defendant's obstructive conduct was "unrelated to her conviction for wire fraud," *id.* at 1181, and her husband, for whom the defendant had acted in using a false name, was not "involved in any way in the fraud." *Id.* Horry, and not her husband, was involved in the wire fraud charge. We, therefore, find *Horry* distinguishable, and note that Watkins and Walker in this case were co-defendants, and were associated and involved in the "offense of conviction." [2]

Clearly, this circuit has given a broad reading to the "instant offense" language. Other circuits have likewise adopted this approach. *See Acuna,* 9 F.3d at 1446. Even a defendant's refusal to testify at a codefendant's or coconspirator's trial has been found to warrant the USSG § 3C1.1 enhancement. *See United States v. Williams,* 922 F.2d 737

(11th Cir.), *cert. denied,* 502 U.S. 892, 112 S.Ct. 258, 116 L.Ed.2d 212 (1991).

*United States v. Bernaugh* also supports the position we take on application of the enhancement in a case of this type:

> U.S.S.G. § 3C1.1 provides for a two level enhancement "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." The Guidelines contemplate that an "offense" may include the concerted criminal activity of multiple participants. *See* U.S.S.G. CH. 3, Pt. B, intro. comment. Consequently, the section 3C1.1 enhancement applies where a defendant attempts to obstruct justice in a case closely related to his own, such as that of a codefendant.

969 F.2d at 861.

Accordingly, we conclude, based on this authority and precedent, that the district court properly granted Walker an obstruction of justice enhancement.

**AFFIRMED.**

RYAN, Circuit Judge, dissenting.

Under the sentencing guidelines, a court may enhance a defendant's sentencing offense level by two points "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instance offense." U.S.S.G. § 3C1.1. Application note 3(b) of the provision indicates that obstruction of justice under the guidelines includes "committing, suborning, or attempting to suborn perjury." *Id.* at comment. (n.3(b)).

We have interpreted the term "instant offense" to mean the offense of conviction. *United States v. Horry,* 49 F.3d 1178, 1180–81 (6th Cir.1995). Additionally, we have held that the obstructive conduct need not be

---

obstruction of justice enhancement); *United States v. Mizell,* 97 F.3d 1453 (Table), 1996 WL 528956 (6th Cir. Sept.17, 1996) (holding that obstruction of justice enhancement can be granted where a defendant gives perjured testimony in a civil case).

**2.** In *Nesbitt,* this court similarly distinguished *Horry* and limited its holding to facts where the defendant's "obstruction of justice ... was wholly unrelated to her offense of conviction." 90 F.3d at 169. Because defendant's obstruction of justice was germane to the offense of conviction, this court found that *Horry* did not control.

directly connected to the offense of conviction as long as it is related to and occurred during the investigation or prosecution of the offense, or the sentencing for its commission. *United States v. Crousore,* 1 F.3d 382, 384–85 (6th Cir.1993).

In *Crousore,* the defendant was convicted of possession of marijuana and of being a felon in possession of a firearm. The district court imposed an obstruction of justice enhancement after finding the defendant had perjured himself by denying, at his detention hearing and later at his sentencing hearing, that he had told the investigating officer that he had traded a gun for marijuana, which was not the offense for which the defendant was convicted. On appeal, we held that the term "instant offense" denoted the offense of conviction, but that the defendant's perjured testimony fell within the "instant offense" because it occurred "during the investigation, prosecution, or sentencing" of what ultimately became the offense of conviction. *Id.* at 385. We held: "[T]he test is not whether the false statement was about the actual crime charged, but whether it was made during the investigation, prosecution, or sentencing of the 'instant offense.'" *Id.* Thus, our focus was on the relationship between the defendant's obstructive conduct and the criminal conduct ultimately resulting in *his* conviction. In *Crousore,* the perjury committed at the defendant's detention hearing was relevant to the risk that he would flee. And the perjury committed at his sentencing was, of course, intended to affect the sentence he would receive. The point is that both efforts to obstruct justice were relevant to the *defendant's* offense of conviction.

In *Horry,* the defendant was convicted of wire fraud. On appeal she claimed that the lower court erred in enhancing her sentence for obstruction of justice because she had used a false name when writing to her husband, who was in prison, *in order to assist him* in avoiding detection by the police. As result, the defendant's husband was able to become a federal fugitive. We held:

> [T]he obstruction must occur solely with respect to the offense of conviction. . . .
>
> In the present case, defendant's use of a false name to assist her husband is *unre-*

*lated to her conviction* for wire fraud. Nothing in the record shows that her husband was involved in any way in the fraud. Therefore, this cannot be a basis for enhancing her sentence for obstruction of justice[.]

*Horry,* 49 F.3d at 1180–81 (emphasis added). The majority attempts to distinguish this case by pointing out that here, unlike *Horry,* both Walker and Watkins "were co-defendants, and were associated and involved together in the 'offense of conviction.'" But that is only half the battle; critically, the majority fails to explain how Walker's perjured testimony obstructed justice with respect to *his* own offense of conviction.

The majority also seeks support from *United States v. Nesbitt,* 90 F.3d 164 (6th Cir.1996). There, a codefendant had been convicted of conspiracy to distribute cocaine, and money laundering. The lower court applied the obstruction of justice enhancement after determining that the codefendant had perjured himself in the civil forfeiture proceeding that was related to count 3 of his indictment (and not to the offense of his plea-bargained conviction, count 2.) On appeal, we distinguished our earlier decision of *Horry,* embraced *Crousore,* and found that the codefendant's perjured testimony was related because it "impeded the government's overall investigation against *him.*" *Id.* at 169 (emphasis added). Specifically, we held: "[The] conduct was related to the 'instant offence' in that it was intended to impede the same government investigation that eventually resulted in [the codefendant's] plea bargain and conviction." *Id. Nesbitt* does not stand for the proposition that perjured testimony at a codefendant's trial, standing alone, warrants application of the obstruction enhancement. Instead, the testimony must, itself, be material and relevant to the *defendant's* offense of conviction.

Not all the circuits that have addressed this issue are in agreement as to the proper resolution of the question. *Compare United States v. Acuna,* 9 F.3d 1442 (9th Cir.1993) and *United States v. Bernaugh,* 969 F.2d 858 (10th Cir.1992), with *United States v. Strang,* 80 F.3d 1214 (7th Cir.1996) and *United States v. Valdez,* 16 F.3d 1324 (2d Cir.1994).

Close study of *Acuna,* relied on here by the majority, and the cases cited in support, reveal that where a court has engaged in any substantive discussion of the issue, it has found the defendant's perjury related to *his* offense of conviction. *Acuna,* 9 F.3d at 1445–46.

*Acuna* relies upon the Tenth Circuit case of *Bernaugh,* and upon *United States v. Morales,* 977 F.2d 1330, 1331 (9th Cir.1992). The *Bernaugh* court held that the enhancement applies "where a defendant attempts to obstruct justice in a case closely related to his own, such as that of a codefendant." *Bernaugh,* 969 F.2d at 861. Critically, the facts of that case indicated that the defendant testified at *his own plea hearing* and lied about his codefendant's involvement in the underlying crime. *Id.* at 862. The court found that his testimony could have been "an attempt to affect his own sentencing, by impairing the court's inquiry under Fed. R.Crim.P. 11(f), obfuscating his role in the transaction, and otherwise." *Id.* Significantly, the court did not discuss, as the majority infers, a defendant committing perjury at a codefendant's trial. Similarly, the *Morales* court, without discussion, held that "a defendant's refusal to testify at a co-conspirator's trial after an immunity order has been issued constitutes an obstruction of justice under section 3C1.1." *Morales,* 977 F.2d at 1331. In support, *Morales* refers to the Eleventh Circuit opinion in *United States v. Williams,* 922 F.2d 737 (11th Cir.1991), in which the court, albeit in *dicta,* stated essentially the same thing. *Id.* at 739.

I conclude that the term "instant offense" does not encompass perjured testimony at a codefendant's trial where that testimony does not relate to the defendant's offense of conviction. I further conclude that mere joint participation in the underlying "offense of conviction" does not, without more, serve to relate the defendant's perjured testimony and make it relevant to the defendant's trial.

Consequently, I respectfully dissent from the majority opinion.