**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dewayne E. DAILY, Defendant–
Appellant.**

No. 03–5030.

United States Court of Appeals,
Sixth Circuit.

June 10, 2004.

Hugh B. Ward, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Knoxville, TN, for Plaintiff–Appellee.

Frank B. Perry, Ringgold, GA, for Defendant–Appellant.

DeWayne E. Daily, Beaver, WV, pro se.

Before SILER, COLE, and ROGERS, Circuit Judges.

## ORDER

Dewayne E. Daily appeals from his judgment of conviction and sentence. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Daily pleaded guilty to conspiring to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 846. The district court sentenced Daily to 41 months of imprisonment and four years of supervised release, and the court imposed a $100 special assessment. In this timely appeal, Daily argues that: 1) the district court should have awarded him a reduction in his Sentencing Guidelines range for being a minor or minimal participant in the offense; 2) the district court improperly calculated his criminal history score; and 3) the district court should have departed downward further from his Guidelines range in sentencing him.

■ Daily first argues that the district court should have reduced his Guidelines range for being a minor or minimal participant in the offense under USSG § 3B1.2(a) & (b). As Daily did not raise this issue in the district court, this court reviews the claim for plain error. *United States v. Olano*, 507 U.S. 725, 731–36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Daily must make a specific showing of prejudice to demonstrate that the error affected his substantial rights. *Id.* at 734, 113 S.Ct. 1770. Section 3B1.2(a) & (b) provides for a four-level or two-level reduction in a defendant's Guidelines range if he was a minimal or minor participant in the criminal activity. A minimal participant is a defendant who is plainly among the least culpable of those involved in the group's conduct, and the defendant's lack of knowledge or understanding of the scope and structure of the enterprise is indicative of a minimal role in the offense. Section 3B1.2, comment. (n.4). A minor role means any participant who is less culpable than most other participants, but whose role cannot be described as minimal. Section 3B1.2, comment. (n.5). The defendant has the burden of demonstrating his mitigating role in the offense by a preponderance of the evidence. *United States v. Salgado*, 250 F.3d 438, 458 (6th Cir.2001).

Daily has made a specific showing of prejudice demonstrating that the failure to award him a reduction under § 3B1.2 affected his substantial rights. Daily was induced by a co-defendant to retrieve a bag containing sixty grams of methamphetamine from a hotel room. While the co-defendant was aware that the police had this location under surveillance, Daily did not know this information, and the police arrested him as he left the hotel room. At sentencing, the government stated that Daily was "set up" by his co-defendant to take the "fall," that he did not participate in the manufacture or sale of the methamphetamine, and that he was a "very minor participant" in the offense. In addition to Daily arguing that he should receive a § 3B1.2 reduction, the government acknowledges on appeal that Daily is entitled to such a reduction and asks this court to remand the case for resentencing. In light of these facts, we remand this case to the district court to permit Daily to argue for a reduction in his sentence under § 3B1.2.

Daily's argument that the district court improperly calculated his criminal history score is without merit. Daily argues that the court improperly relied on USSG § 4A1.1(d) to increase his criminal history score by two points because he was under another criminal justice sentence when he committed the instant offense. Since Daily did not raise this argument in the district court, this court reviews the issue for plain error. *Olano*, 507 U.S. at 731–36, 113 S.Ct. 1770.

The district court did not commit plain error in calculating Daily's criminal history score. Daily was convicted of Driving Under the Influence (DUI) on October 17, 2000, and sentenced to 11 months and 29 days of imprisonment, suspended on condition of paying a fine and serving 48 hours in jail. This sentence expired in early October 2001. Daily committed the instant offense on January 4, 2001, well before the expiration of his DUI sentence. Daily was not indicted immediately after committing the instant offense. Rather, he was indicted in November 2001, and he was arrested due to the indictment in January 2002. While Daily argues that the January 2002 date of his arrest on the indictment should be the triggering event when calculating his criminal history score, it is the date that the offense was committed, not the date of arrest, that impacts the calculation under § 4A1.1(d). *See* § 4A1.1, comment. (n.4) (two points are added if the defendant committed "any part of the instant offense" while under a criminal justice sentence).

Lastly, Daily cannot challenge the extent of the district court's downward departure. Under USSG § 5K1.1, the government moved for a downward departure in Daily's sentence based on his substantial assistance, and the district court reduced his Guidelines range by two levels. While Daily argues that the district court should have departed downward further in sentencing him, his claim is not reviewable because Daily may not appeal the extent of the district court's downward departure. *United States v. Nesbitt*, 90 F.3d 164, 166 (6th Cir.1996).

Accordingly, we affirm in part and vacate and remand in part the district court's judgment.