**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lance POUGH, Defendant–Appellant.**

No. 00–3936.

United States Court of Appeals, Sixth Circuit.

Sept. 19, 2001.

346

Before GUY and MOORE, Circuit Judges; HULL, District Judge.*

## ORDER

Lance McKinley Pough, a federal prisoner proceeding through counsel, appeals his conviction and sentence on one count of conspiring to possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). This

* The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Ten-

case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A federal grand jury indicted Pough on the above count and three counts of possession with intent to distribute and distribution of crack cocaine. In exchange for dismissal of the latter three counts, Pough agreed to cooperate with the federal government and to plead guilty to the offense of conviction pursuant to a written plea agreement. The agreement provided that the base offense level was 38 because the amount of crack cocaine exceeded 1.5 kilograms and that the offense level was properly increased to 43 because a murder was involved. Pough, however, would also receive a three-level reduction for acceptance of responsibility, and the government would move for a six-level downward departure for substantial assistance. The parties further agreed that Pough was in criminal history category III and that he would receive a sentence of 204 months to be served concurrently with any state sentence involving the same acts. Although neither party objected to the presentence investigation report (PSR), which calculated Pough's criminal history category as IV, the district court sentenced Pough at category III and imposed the sentence contemplated by the plea agreement.

Pough's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal. Pough has filed a response, essentially asserting that: 1) the government breached the plea agreement;

nessee, sitting by designation.

2) his criminal history score was incorrectly calculated; 3) trial counsel rendered ineffective assistance by misadvising him about his criminal history score and by advising him that he did not qualify for a USSG § 5K2.16 departure; and 4) he is entitled to an additional downward departure based on information he supplied concerning drug trafficking. He also moves for the appointment of new counsel. Counsel moves to unseal the record.

Upon review, we grant counsel's motion to withdraw as counsel has filed an acceptable *Anders* brief. Counsel reviewed the record and properly concluded that no relief is warranted.

■ Pough's pro se claims lack merit. Relying on pre-plea bargain letters from his defense counsel and an Assistant United States Attorney (AUSA), Pough first asserts that the government breached the plea agreement because he did not receive a promised federal sentence of 15 years and 8 months and a concurrent state sentence of exactly the same length to be served in federal prison. Pough's plea agreement was not breached as review of the plea agreement clearly reflects that the federal government made no such promise. *See Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Pough cannot now complain that the bargain was other than what he openly and unequivocally declared in court. *See Mabry v. Johnson,* 467 U.S. 504, 510–11, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984); *Ramos v. Rogers,* 170 F.3d 560, 563 (6th Cir.), *cert. denied,* 528 U.S. 847, 120 S.Ct. 121, 145 L.Ed.2d 102 (1999). Although various terms of imprisonment were discussed, none of the letters submitted by Pough contained any firm promises, and the AUSA expressly stated in his October 4, 1999, letter written nine months before Pough's guilty plea, that he did not speak for and could not bind the state. Furthermore, review of the federal criminal judgment and the state court docket sheet show that the federal and state sentences will be served concurrently, and Pough's current address indicates that he is serving his time in federal prison at FCI–Allenwood.

■ Second, Pough argues that his criminal history score was incorrectly calculated because the PSR improperly included an uncounseled misdemeanor conviction for which Pough was placed on probation and a disability conviction which the government allegedly had promised would not be listed. We review this argument for plain error, as Pough did not raise this argument at sentencing, and we conclude that no error occurred. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). A court may rely on a prior uncounseled misdemeanor conviction for which the defendant was not incarcerated in computing the defendant's criminal history score, *Nichols v. United States,* 511 U.S. 738, 748–49, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), and the plea agreement did not state that the disability conviction would not be included.

■ Pough next argues that trial counsel rendered ineffective assistance by misadvising him about his criminal history score and by advising him that he did not qualify for a USSG § 5K2.16 departure. Claims of ineffective assistance are disfavored on direct appeal and are more appropriately brought by filing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *United States v. Carr,* 5 F.3d 986, 993 (6th Cir.1993). Nonetheless, we conclude that counsel did not render ineffective assistance concerning the criminal history score as the score was properly calculated for the reasons described above.

■ Pough's fourth argument is not reviewable. While a criminal defendant may appeal an upward departure, *Koon v. United States,* 518 U.S. 81, 96, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), he may not

appeal the extent of a downward one. *United States v. Nesbitt,* 90 F.3d 164, 166 (6th Cir.1996). Moreover, the record shows that the departure was based on information concerning drug trafficking as well as information about murders.

We additionally observe that Pough was properly sentenced pursuant to his negotiated plea agreement. No reversible error is apparent from the record.

Accordingly, counsel's motion to withdraw is granted, the motion to unseal the record is granted, all of Pough's pro se motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.