**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William C. DAVIS, Defendant–**
**Appellant.**

**No. 99–6173.**

United States Court of Appeals,
Sixth Circuit.

April 18, 2001.

Before KRUPANSKY, BATCHELDER, and MOORE, Circuit Judges.

BATCHELDER, Circuit Judge.

William Davis appeals his sentence, imposed after he pled guilty to one count of conspiracy, in violation of 21 U.S.C. § 846, to distribute and to possess with intent to distribute 225 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), and to one count of possession with intent to distribute 225 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Davis claims that he was entitled to a reduction in his offense level for being a minor participant in the drug transaction, and that the government breached the plea agreement by making a "limited" § 5K1.1 motion for a downward departure under the Sentencing Guidelines. Because we find that the first assignment of error is without merit and the second is frivolous, we will affirm the judgment of the district court.

There is no dispute as to the facts underlying the indictment and conviction. Davis met with an undercover officer of the Shelby County, Tennessee, Sheriff's Department and arranged to facilitate the purchase of 10 ounces of cocaine base for $7,000. Followed by the undercover officer, Davis drove to the residence of one of his co-conspirators, Daniel Isby; Davis went into the residence, came out a few minutes later, and advised the undercover officer that isby wanted to complete the transaction inside the house. The undercover officer refused—despite Davis's attempt to persuade him—to enter the residence, so Davis went back into the house, came out again, and instructed the officer to pull his car into the driveway. Isby then got into the back of the officer's car and completed the transaction. Davis, Isby and a third conspirator were immediately arrested.

At sentencing, Davis contended that he was a mere facilitator, that by any measure, his culpability was relatively less than that of his co-conspirators, and that he was therefore entitled to at least a two point reduction in offense level for his minor role in the offense. The district court, after reviewing the undisputed facts, found that Davis was an integral part of the transaction; that he had brokered it or set it up; and that he was not substantially less culpable than Daniel Isby. Accordingly, the district court denied the reduction for a minor role in the offense.

The government made a USSG § 5K1.1 motion at the sentencing hearing, explaining to the court: "I'm going to ask the Court that the departure only be a limited departure based on the limited cooperation that Mr. Davis gave, but he has done enough to merit a § 5K1 reduction." Davis's counsel attempted to persuade the court that Davis had cooperated as extensively as he could, but that the word was out on the street that he had been indicted in a federal case and had a pending state prosecution as well, both of which limited his ability to obtain information or participate in undercover operations to help the government. Since Davis had cooperated to the best of his ability, his counsel argued, the court ought not limit the extent of any § 5K1 departure, but should instead sentence Davis to the statutory minimum of five years, a sentence dramatically below the applicable guideline sentence. Davis's counsel did not argue that the government's "limited" motion was in

some way contrary to what the government had agreed to in the plea agreement. The district court held that Davis's reasons for cooperating only to a limited extent did not change the fact that the cooperation had in fact been very limited, but concluded that some downward adjustment was appropriate. Accordingly, the district court departed downward 24 months from the bottom of the applicable guideline range, and sentenced Davis to 144 months in prison.

We review for clear error the sentencing court's factual findings; while giving due deference to the sentencing court's application of the guidelines to those facts, we review de novo the court's legal conclusions. *United States v. Robinson*, 152 F.3d 507, 509 (6th Cir.1998).

We turn first to Davis's claim that he should have received at least a two point reduction for his role in the offense. Davis does not dispute the facts on which the district court based its conclusion that no such reduction was appropriate. Rather, he concludes that those facts demonstrate that he was at best a minor player in the drug transaction. We think not.

It is the defendant's burden to prove by a preponderance of the evidence that he is entitled to an offense level reduction for a mitigating role. *Id.* To qualify for this reduction under USSG § 3B1.2, the defendant must demonstrate that he is "less culpable than most other participants." USSG § 3B1.2, cmt. n. 3 (1998). and "substantially less culpable than the average participant." *Owusu*, 199 F.3d at 337. As the district court correctly pointed out, Davis set this transaction up and brought the buyer and seller together. The district court found that this conduct made Davis a necessary and integral part of the transaction, and the mere fact that Davis was not the one who actually sold the cocaine base did not diminish the importance of his participation. We find no error in the district court's conclusion that on these facts, Davis was not substantially less culpable than his coconspirators.

 Davis did not raise before the sentencing court his claim that the government violated the terms of the plea agreement by moving for a "limited" substantial assistance departure under USSG § 5K1.1, and we therefore review it for plain error. Under any standard of review, the claim is patently frivolous. The plea agreement here clearly states that the government would make a motion under § 5K1.1 only if the government determined that such a motion was warranted, and that the government's determination of, among other things, the value of Davis's cooperation is binding upon Davis. The plea agreement contains no representation by the government that if it filed such a motion, it would ask for any particular magnitude of departure, or that it would not explain to the court the extent of Davis's cooperation or comment to the court on what magnitude of departure the government considered appropriate, or–of particular significance here–that it would not oppose Davis's startling suggestion that the court should depart downward from the applicable guideline sentence of 168 months to the statutory minimum of 60 months. Davis's challenge to the government's conduct with regard to the § 5K1.1 motion is nothing more than a thinly veiled challenge to the extent of the downward departure. This court has no jurisdiction over appeals contesting the extent of a downward departure because such appeals do not fall under 18 U.S.C. § 3742. *United States v. Nesbitt*, 90 F.3d 164, 166 (6th Cir.1996).

For the foregoing reasons, the judgment of the district court is AFFIRMED.