**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Keith GRESHAM, Defendant–**
**Appellant.**

**No. 00–1397.**

United States Court of Appeals,
Sixth Circuit.

June 11, 2001.

Before KENNEDY, SILER, and CLAY, Circuit Judges.

Keith Gresham, a federal prisoner proceeding through counsel, appeals his conviction and sentence for conspiring to distribute cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 16, 1999, a grand jury indicted Gresham on the above offense as well as on seven counts of aiding and abetting in the distribution of crack cocaine. On October 26, 1999, pursuant to a written plea agreement, Gresham pleaded guilty to the conspiracy count in exchange for the dismissal of the other counts. The government agreed to recommend a sentence of 94 months, based on an estimated guideline range of 84 to 105 months in prison. Worksheets attached to the plea agreement indicated that the quantity of crack cocaine involved was over 20 grams. Neither party filed objections to the presentence investigation report, which thereafter established the actual guideline range as 110 to 137 months in prison and the quantity of crack cocaine as 20.2 grams. At sentencing, the district court departed downward from the guideline range and sentenced Gresham to 94 months in prison, four years of supervised release, and a special assessment of $100.

In his timely appeal, Gresham essentially argues that: 1) he did not waive his right to appeal because his written waiver of his appellate rights was not discussed in the plea colloquy; 2) the Sentencing Guidelines unconstitutionally permitted the district court to determine the quantity of drugs involved by a preponderance of the evidence; 3) the crack cocaine-powder cocaine sentencing disparity constitutes cruel and unusual punishment and denies equal protection of the law; and 4) the amount of the district court's downward departure was unreasonable and was based on inadequate findings of fact.

As noted above, Gresham initially contends that he did not effectively waive his right to appeal because his written waiver of his appellate rights was not discussed in the plea colloquy.

The current version of Rule 11 of the Federal Rules of Criminal Procedure requires the district court to "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands ... the terms of any provision in a plea agreement waiving the right to appeal ...." Fed. R.Crim.P. 11(c)(6). This version of the Rule did not become effective until December 1, 1999, five weeks after Gresham's plea hearing. Nonetheless, the amendment resolves the issue of whether a written waiver of appellate rights must be included in a plea colloquy. Thus, we will address Gresham's other arguments.

■ Gresham contends that the Sentencing Guidelines unconstitutionally permitted the district court to determine the quantity of drugs involved by a preponderance of the evidence. Gresham did not raise this argument at sentencing. Therefore, he has forfeited his right to raise the alleged sentencing error on appeal, and this court will review the sentence only for plain error. *See United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996).

■ No error occurred. The determination of the quantity of crack cocaine did not increase Gresham's sentence beyond the statutory maximum. *See Apprendi v. New Jersey*, 530 U.S. 466, ——, 120 S.Ct.

2348, 2362–63, 147 L.Ed.2d 435 (2000). Section 841(b)(1)(C) of Title Twenty-one sets the maximum penalty at 20 years unless the crime involves a quantity of drugs as set forth in subsections (A) or (B). Those subsections provide for a maximum penalty of 40 years if the crime involved 5 grams or more of crack cocaine, *see* § 841(b)(1)(B), and a maximum penalty of life imprisonment if the crime involved 50 grams or more of crack cocaine, *see* § 841(b)(1)(A). Gresham's sentence of 94 months was less than half of the lowest maximum penalty possible. Hence, Gresham's substantial rights were not affected. *See Barajas–Nunez,* 91 F.3d at 830.

To the extent that Gresham argues that the Sentencing Guidelines are unconstitutional under *Apprendi,* his argument is also unavailing. The application of the guidelines within the permissible statutory range was not before the Court, and the majority in *Apprendi,* therefore expressed no view on the subject. *Apprendi,* 530 U.S. 466, 120 S.Ct. at 2366 n. 1.

Gresham likewise forfeited his argument concerning the crack cocaine-cocaine powder sentencing disparity by not raising it at sentencing. On plain error review, we conclude that Gresham's substantial rights were not affected. This court repeatedly has upheld the constitutionality of the sentencing disparity between powder cocaine and crack cocaine. *See United States v. Washington,* 127 F.3d 510, 516–18 (6th Cir.1997). We note that one panel of this court cannot overturn a decision of another panel; only the court sitting en banc may do so. *See United States v. Smith,* 73 F.3d 1414, 1419 (6th Cir.1996).

■ Gresham's argument concerning the extent of the downward departure is not reviewable. While a criminal defendant may appeal an upward departure, *Koon v. United States,* 518 U.S. 81, 96, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), he may not appeal the extent of a downward one. *United States v. Nesbitt,* 90 F.3d 164, 166 (6th Cir.1996).

Accordingly, the district court's judgment is affirmed.