**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony D. SHANNON, also known as Anthony Blair, Defendant– Appellant.**

**Nos. 01–5246, 01–5247.**

United States Court of Appeals, Sixth Circuit.

Dec. 4, 2001.

Before GUY and BOGGS, Circuit Judges; CARR, District Judge.*

*ORDER*

Anthony D. Shannon, also known as Anthony Blair, appeals the sentences imposed upon his convictions for carjacking in violation of 18 U.S.C. § 2119(1) and for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 13, 2000, Shannon pleaded guilty to the above offenses pursuant to

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

a written plea agreement and in exchange for the dismissal of an additional count under § 922(g)(1). In the presentence investigation report (PSR), the probation officer calculated Shannon's total offense level as 26, his criminal history category as IV, and the resulting sentencing guideline range as 92 to 115 months of incarceration. Neither party filed objections to the PSR, but the government filed a motion for a downward departure pursuant to USSG § 5K1.1 based on Shannon's substantial assistance. Although the district court declined to depart downward to the full extent requested by the government, the district court did grant the government's motion and sentenced Shannon to two concurrent sentences of 65 months in prison.

On appeal, Shannon contends that the district court did not give proper weight to the government's evaluation of his assistance, but instead unfairly reduced the amount of the downward departure based on several instances of assaultive behavior and property destruction which occurred when he was fourteen or younger. He notes that his juvenile offenses did not result in any criminal history points and that he did not have violent juvenile offenses after age fourteen.

This argument is not reviewable. While a criminal defendant may appeal an upward departure, *Koon v. United States*, 518 U.S. 81, 96, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), he may not appeal the extent of a downward one. *United States v. Nesbitt*, 90 F.3d 164, 166 (6th Cir.1996).

Accordingly, the district court's judgment is affirmed.