**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Chris HOWARD, Defendant–Appellant.**

No. 00–5829.

United States Court of Appeals,
Sixth Circuit.

Feb. 4, 2002.

Before RYAN, BOGGS and DAUGHTREY, Circuit Judges.

PER CURIAM.

Chris Howard, a federal prisoner, appeals the district court's determination of his offense level and criminal history. Howard also asserts that his sentencing was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We affirm Howard's sentence.

I

State police officers made two controlled buys of crack cocaine from Howard on January 4 and 6, 1998. Officers then searched Howard's house pursuant to a warrant, and seized additional amounts of

crack. The first and second buys yielded 2.9 and 3.1 grams of crack respectively, and an additional 18.3 grams of crack were found in the house upon the subsequent search. Seven-hundred and twenty dollars in cash was seized from Howard's bedroom. Police also discovered an unloaded 9–mm Lorcin semiautomatic pistol in a drawer in Howard's bedroom.

On October 8, 1999, Howard entered a guilty plea, pursuant to a plea bargain, to a charge of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a).

The presentence report recommended an offense-level increase for possession of a dangerous weapon in connection with the crime. The presentence report also recommended that Howard be sentenced as a criminal history category III offender, based on three factors. First, Howard had previously been convicted of a drug offense. Second, Howard had been on probation for the prior offense when he committed the crime here at issue. Finally, Howard committed the instant offense within 2 years of the prior conviction.

At sentencing, cooperating witness Frederick Connor testified that he had bought 8–balls of crack (each 8–ball consisting of 3.5 grams) from Howard 12 or 13 times. The government did not attempt to prove amounts of crack or cocaine beyond the amounts set forth in the presentence report and the additional 42 grams that Connor's testimony related.

The district court ruled, over Howard's objection, that Howard was responsible for between 50 and 150 grams of crack cocaine, yielding a base offense level of 32. The district court also enhanced the offense level by 2 levels for possession of a dangerous weapon in connection with a drug offense, and determined that Howard's criminal history category (with 5 criminal history points) was III. The district court reduced the offense level by 3 levels for acceptance of responsibility. The government moved for a downward departure based on Howard's substantial assistance to the government under USSG § 5K1.1. The district court departed downward by 3 levels (yielding an offense level of 28, resulting in a final guideline range of 97–121 months) and sentenced Howard to 105 months in prison.

## II

### A. The Drug Amount

We review determinations of drug amounts for clear error. We review *de novo* whether a particular set of facts authorizes applying a sentencing provision. *United States v. Layne,* 192 F.3d 556 (6th Cir.1999). Howard argues that the district court erred in interpreting the provision of the Sentencing Guidelines governing relevant conduct, USSG § 1B1.3.

The district court found that Howard was responsible for between 50 and 150 grams of cocaine base. To do so, the district court added the undisputed 24.3 grams of crack from the undercover buys and search of Howard's home, and the 42 grams that Frederick Connor testified that he purchased from Howard. To avoid redundancy, the district court subtracted 3.1 grams (the undercover buy made by Connor, which fell into both categories), and found Howard responsible for roughly 62 grams of crack. Howard challenges the district court's determination that the sales to Connor (other than the undercover buy) should be included as "relevant conduct."

Relevant conduct, for purposes of sentencing, includes "all acts ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2). For two or more offenses to constitute a part of a common scheme or plan, "they must

be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose or similar modus operandi." USSG § 1B1.3, comment. (n.9).

If they are not part of a common scheme, acts are still part of the same course of conduct "if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." *Ibid.*

█ The transactions involved the same two people (Connor and Howard). The sales were part of an ongoing drug distribution relationship in which Howard sold crack to Connor for further distribution. The sales continued for three years. Sales between the same people for the same amount of the same drug using the same sales practices are relevant conduct. *United States v. Gilbert,* 173 F.3d 974, 978 (6th Cir.1999) (consistent pattern of buying, packaging and distributing crack over three-year period considered relevant conduct); *United States v. Miller,* 910 F.2d 1321 (6th Cir.1990) (regular purchases and sales of cocaine over a 20–month period constituted relevant conduct).

Howard also makes a claim that the amount of drugs found must be " 'reasonably foreseeable' to the Defendant within his scope of the illegal activities charged." *United States v. Nesbitt,* 90 F.3d 164, 170 (6th Cir.1996). Howard seems to argue that only conduct occurring on the days during which controlled buys were made should be considered relevant conduct. This argument is incorrect. First, the "reasonably foreseeable" language "does not apply to conduct that the defendant personally undertakes ...." USSG § 1B1.3, comment. (n.2). Second, the standard that Howard asserts is a conspiracy standard, and is used to determine how much of a conspiracy a given defendant should be held responsible for. *See United States v. Wilson,* 168 F.3d 916, 922 n. 4 (6th Cir.1999) (district court did not need to find that a quantity of drugs was reasonably foreseeable because it found defendant responsible for the drug amount based on her own acts). The conspiracy standard is inapplicable here, since Howard is only being held responsible for his own conduct.

Finally, Howard argues that information about the sales of crack to Mr. Connor were part of a proffer that he made to the government. However, the government knew of these transactions prior to Howard's proffer: Connor made one of the controlled buys and was already working with police before Howard's arrest. The information was therefore not protected as part of the proffer.

**B. The Weapon Enhancement**

Howard argues that the district court erred in applying a 2–level increase for possession of a dangerous weapon in connection with a drug trafficking offense. USSG § 2D1.1. An application note to this guideline indicates that the enhancement should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3). The government must prove that Howard had actual or constructive possession of the weapon. When it does so, the burden shifts to the defendant to "prove the clear improbability of any connection between the drug offense and the weapon." *United States v. Dunlap,* 209 F.3d 472, 477 (6th Cir.2000).

Howard does not dispute possession of the weapon. He argues that he has successfully proven "clear improbability" by asserting that the gun was unloaded, stored in a room where no drugs (only

cash) were found, not used during the drug sales, and only used for home protection.

Evidence that the firearm was used or carried during the drug sale is unnecessary in a USSG § 2D1.1 determination. *United States v. Kincaide*, 145 F.3d 771, 784 (6th Cir.1998). The fact that the gun was unloaded does not mean it was clearly improbable that possession of the weapon was in any way connected to the drug dealing. *United States v. Yannott*, 42 F.3d 999, 1006 (6th Cir.1994).

In *United States v. Chalkias*, 971 F.2d 1206, 1216 (6th Cir.1992), the court upheld an offense-level enhancement for possession of a dangerous weapon in connection with a drug offense where the defendant possessed an unloaded MAC–10 pistol that had been hidden in the basement. The court in *Chalkias* distinguished *United States v. Garner*, 940 F.2d 172 (6th Cir. 1991), which held that possession of an unloaded antique derringer locked in a basement safe was clearly not connected to the drug offense, and that application of the weapon offense-level increase was inappropriate. *Id.* at 176. The *Chalkias* court noted that both the gun in the case before it and the gun in *Garner* were unloaded. However, the *Chalkias* court emphasized that the MAC–10 was of a type commonly used in drug offenses, and that the location of the weapon indicated concealment rather than permanent storage. *Chalkias*, 971 F.2d at 1217. Based on these factors, the *Chalkias* court found that the defendant had not established the clear improbability of a connection between the weapon and the drug offense. *Ibid.*

▮ As in *Chalkias*, the weapon in the instant case was in a place of concealment, rather than permanent storage (the bedroom drawer). The weapon was of a type

(9–mm pistol) commonly seen in drug offenses. The weapon was found in a room with $720 in cash that the presentence report attributed to drug sales. The fact that the weapon was unloaded is, as in *Chalkias*, insufficient to establish the clear improbability of a connection between weapon and offense. *Chalkias*, 971 F.2d at 1217. The enhancement was properly applied.

## C. Criminal History

Howard asserts that the district court erred in sentencing him as a criminal history category III offender. Howard had a prior drug conviction, with a sentence of 11 months and 29 days in prison, for which the district court assessed 2 criminal history points. The court assessed 2 additional points for committing the instant offense while on probation from the previous conviction. The court assessed 1 more point for commission of the offense within two years after release from the prior conviction. USSG § 4A1.1.

Howard was sentenced for his earlier drug conviction on September 22, 1995. He was ordered to serve 7 months, with the rest (up to the total sentence of 11 months, 29 days) on probation. He was released on April 9, 1996.

▮ Connor testified, at the sentencing hearing, that he began buying crack from Howard sometime in 1995 and continued until June 1998. Two points were properly assessed for the prior conviction (because the prior sentence was less than one year and one month, but more than 60 days). USSG § 4A1.1. Two points were properly added because Connor's testimony established sales in 1996, during the period when Howard was still under probation.[1] USSG § 4A1.1(d). Application

---

1. The presentence report finds no contra-

diction between Connor's testimony that he

note 4, applicable to USSG § 4A1.1(d), notes that: "[t]wo points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence, including probation." USSG § 4A1.1(d), comment. (n.4). As established above, the sales by Howard to Connor are relevant conduct. The addition of the criminal history points was therefore proper.

Finally, one point was correctly added for commission of the instant offense within two years of Howard's release from custody. Howard was released on April 9, 1995. The controlled buys were made on January 4 and 6, 1998. The increase in criminal history was warranted under USSG § 4A1.1(e). Howard's total criminal history was therefore properly calculated at five points, yielding a criminal history category of III.

### D. *Apprendi v. New Jersey*

Howard asserts that his sentencing violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. That case held that in context of a criminal conviction, any fact other than a prior conviction that increased the penalty beyond the statutory maximum is an element of the crime and must be submitted to a jury and proved beyond a reasonable doubt. *Id.* at 490. Howard argues, extremely confusingly, that the additional amount of crack cocaine found at sentencing over that found in the indictment moved the sentencing statute from 21 U.S.C. § 841(b)(1)(A), with a range of 10 years to life, to a sentence under § 841(b)(1)(B), which carries a sentence of 5–40 years.

Howard's argument fails on its face. First, 21 U.S.C. § 841(b)(1)*(C)* is the sentencing statute that applies to *any* amount of crack, however small. The maximum sentence that could be imposed with no showing of amount whatsoever is 20 years. Howard received 105 months.

Howard could not have been sentenced under 21 U.S.C. § 841(b)(1)(A), since the final sentence, 105 months, was less than the statutory minimum of that statute. A shift from § 841(b)(1)(A) to (b)(1)(B) would be an improvement of which Howard would be unlikely to complain.

Interpreting Howard's argument broadly, we assume that Howard is complaining that the amount of drugs found at the sentencing hearing necessarily moved the sentence from one under § 841(b)(1)(C) (the base sentencing statute for any amount of crack at all) to one under § 841(b)(1)(B).

To state Howard's argument in the best light possible, it is true that at trial the jury would have to make a determination on the amount of drugs as an element of the offense in order for Howard to be sentenced under § 841(b)(1)(B) or (A). If they did not do so (i.e., the indictment just indicated possession without amount, as the indictment does here), then Howard would have to be sentenced under § 841(b)(1)(C). This is pursuant to the Sixth Circuit's gloss on *Apprendi*, which indicates that any drug amount that increases the mandatory minimum sentence is also an element of the offense to be tried before the jury. *United States v. Ramirez*, 242 F.3d 348, 352 (6th Cir.2001). Since the change from § 841(b)(1)(C) to § 841(b)(1)(B) would involve an increase in

---

bought cocaine from Howard in late 1995 and the fact that Howard was in prison from October 1, 1995 to April 9, 1996. Apparently Connor bought crack from Howard before Howard's incarceration, and continued to buy

after his release. The 1996 sales during the period of Howard's probation, then, are the crucial ones for purposes of the probation argument.

the mandatory minimum from 0 to 5 years, a sentence under § 841(b)(1)(B) without a jury finding of the amount of drugs violates *Apprendi* as interpreted by *Ramirez*.

Howard would therefore be correct in asserting that if his sentence were clearly imposed under § 841(b)(1)(B), then under Sixth Circuit precedent his case would have to be remanded for resentencing under § 841(b)(1)(C). The actual statute under which he was sentenced is not clear. The best evidence Howard could have offered was the presentence report, which seems to assume that 21 U.S.C. § 841(b)(1)(B) would be the sentencing statute. However, the plea bargain itself expressly notes that "(a) The Court may impose any lawful term of imprisonment up to the statutory maximum." The statutory maximum under Section 841 (to which Howard pled) would be life imprisonment under § 841(b)(1)(A). The plea bargain did not contemplate which of the sentencing subsections, (A), (B) or (C) would be chosen.

The judgment sheet also does not state which of the § 841(b) sentencing subsections was chosen. It merely states the section to which Howard pleaded guilty, § 841(a)(1).

Howard's sentence does not exceed 20 years, the statutory maximum sentence under § 841(b)(1)(C). In fact, at 105 months, his sentence is less than half of the maximum for § 841(b)(1)(C). His sentence is consistent with a sentence under the lowest possible statutory range for his offense: any amount of crack may be sentenced under § 841(b)(1)(C), without need for proof as to amount, since any amount of crack at all triggers the statute. *Ramirez* recognized that a judge may sentence under § 841(b)(1)(C) without need for a finding of an amount by a jury, since any amount will do under that statute. *Ramirez*, 242 F.3d at 352.

Because Howard's sentence was consistent with 21 U.S.C. § 841(b)(1)(C), *Apprendi* has not been violated.

### III

The district court's judgment is therefore AFFIRMED.