**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Clifford JONES, Defendant–Appellant.**

**No. 00–1740.**

United States Court of Appeals,
Sixth Circuit.

March 27, 2002.

Before NORRIS, SILER, and
BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

### I.

Clifford Jones appeals the sentence imposed by the district court after his plea of guilty to four counts of a multi-count indictment. Jones claims that the district court denied him due process when it relied on inaccurate information in refusing to grant Jones's request for a downward departure greater than that requested by the Government pursuant to a written plea agreement and granted by the district court. We will affirm the sentence.

### II.

Jones was the head of a large drug distribution network in Detroit whose activities included robbery, drug dealing,

murder for hire, intimidation of witnesses, gun running, and extortion. In May of 1994, Jones was named in 26 counts of a 54–count superceding indictment charging him and 12 others with, among other things, conspiracy, drug trafficking, weapons offenses and witness tampering. Three weeks into the trial, Jones entered into a written plea agreement, pursuant to which he pled guilty to four counts of the indictment: Count 1, conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846; Count 3, conspiracy to tamper with an informant or witness in violation of 18 U.S.C. §§ 371 and 1512; Count 7, using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c); and Count 8, possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841.

As part of the plea agreement, and in return for Jones's cooperation, the Government filed a motion for a downward departure pursuant to United States Sentencing Guidelines § 5K1.1, asking that Jones be sentenced to 246 months incarceration instead of the 360 months to life that Jones agreed in the plea agreement was the correct sentencing range.[1] At the sentencing hearing, Jones argued that the court should depart further downward because of Jones's purported transformation during his lengthy post-plea incarceration while he awaited sentencing. According to Jones's attorney, Jones had demonstrated through a letter written shortly after his guilty plea, that he had repented and turned away from his prior life of crime in recognition of what he believed was important in life, namely his family.

The judge questioned Jones's attorney, the Assistant United States Attorney and Jones himself about Jones's purported conversion, asking how such a conversion was consistent with the numerous infractions Jones committed while in prison, *after* having written the letter. Those infractions included marijuana use, fighting, refusing to obey orders, possession of unauthorized items, and attempting to establish a gambling ring. The judge also inquired into Jones's reputation for killing and the fact that he was originally a suspect in as many as 70 murders, although he was subsequently cleared in all but one of them.[2] Both the Government and Jones agreed that Jones's reputation for violence was an exaggeration created by Jones himself to increase his survivability in the deadly business of the illicit drug trade, and the Government went to some lengths to emphasize the degree of Jones's cooperation in the overall investigation. While acknowledging that Jones's reputation for murder exceeded the facts, the judge nonetheless expressed his belief that Jones had some complicity in murder:

> I am well convinced that Mr. Jones has been involved in a substantial number of killings either directly or with people who were part of his organization .... I've no doubt in my mind that Mr. Jones has been involved in a number of murders. I'm not sure whether it matters five, 10, 15, 20, 50 or 70. The truth is, his organization conducted a rather substantial ... rampage of mayhem vio-

---

1. Although the Government's brief on appeal does not mention it, the plea agreement contains Jones's express agreement that he would not seek a downward departure from the sentencing range calculated by the worksheets attached to the agreement and agreed to by Jones.

2. This is not to say that the Government agreed that Jones had no involvement in any killings. During the sentencing hearing, the Assistant United States Attorney specifically referred to Jones's description of his part in a homicide of which he was convicted.

lence intimidation, extortion, not to mention garden variety drug dealings.

In sum, the district court was prepared to—and did—grant the Government's § 5K1.1 motion because of Jones's cooperation, but it refused to grant any further departure. The court sentenced Jones to concurrent sentences of 186 months imprisonment on Counts 1 and 8, and 60 months on Count 3, and a consecutive sentence of 60 months on Count 7.

## III.

As a general matter, the refusal of a district court to depart downward is not reviewable on appeal unless the district court was unaware of its authority to grant the departure. *United States v. Shabazz*, 263 F.3d 603, 611 (6th Cir.2001). Neither is the extent of a downward departure reviewable. *United States v. Nesbitt*, 90 F.3d 164, 166 (6th Cir.1996). We do, however, have jurisdiction to review a sentence imposed in violation of law. 18 U.S.C. § 3742(a)(1).

In essence, Jones seeks to circumvent the prohibition on appellate review of district court refusals to depart downward by arguing that here, the district court's refusal to depart downward below the 246 months set in the plea agreement was predicated on an "unsupported and deep-seated belief" that Jones had committed numerous homicides. Because the sentence was premised on misinformation, Jones says, the sentence was imposed in violation of law—specifically of his right to due process.

Since Jones failed to raise this objection before the district court, our review is for plain error only. *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). "To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, *i.e.*, obvious or clear; (3) that the error

affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. Kingsley*, 241 F.3d 828, 835 (6th Cir.2001) (citation and internal quotations omitted).

■ Defendants have a due process right to a sentence based on accurate information. *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). To demonstrate a due process violation "the defendant must establish that the challenged evidence is materially false or unreliable, and that such false or unreliable information actually served as the basis for the sentence." *United States v. Silverman*, 976 F.2d 1502, 1512 (6th Cir.1992) (emphasis deleted) (quoting *United States v. Robinson*, 898 F.2d 1111, 1116 (6th Cir. 1990)). The evidence a sentencing court relies upon need only possess "some minimal indicia of reliability." *Robinson*, 898 F.2d at 1115. Unless Jones can show that he was prejudiced he has no due process claim. *United States v. Stevens*, 851 F.2d 140, 144 (6th Cir.1988).

■ Jones agreed in his plea agreement not to ask for any downward departure. *See* Plea Agreement, § II.B. ("Defendant will not assert any mitigating sentencing guidelines factor that is not identified in this agreement, nor will Defendant seek a downward departure from the sentence range as calculated by the attached worksheets or as arrived at by the court.") Hence, Jones has no claim that he was prejudiced by the court's refusal to grant the downward departure which he had explicitly agreed not to request. That aside, the district court below did not rely on materially false information when it refused to depart downward below the 246

**18**

months requested by the Government pursuant to the terms of the plea agreement. The district court had presided over trials involving Jones and his co-conspirators and had the benefit of all of the evidence from those trials. The court reviewed and rejected Jones's claim of jailhouse redemption, and noted that even though Jones was not directly responsible for multiple murders, he was the head of a drug distribution organization that was involved in extensive and violent criminal activities, including killings. Finally, the record reflects that at the sentencing hearing Jones made a half-hearted attempt to persuade the district court that he had not killed anyone, but he did not deny his culpability as the head of the organization that was responsible for murder. Jones's claim that the district court sentenced him on the basis of incorrect information is wholly unsupported by the record, and thus he has failed to show that the district court imposed a sentence in violation of law.

Because Jones's sentence was not imposed in violation of law, and because he does not claim that the district court did not understand that it had authority to depart, we lack jurisdiction to review the district court's refusal to depart below 246 months.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.