**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lawrence Robert BOGGS,
Defendant–Appellant.**

No. 03–5241.

United States Court of Appeals,
Sixth Circuit.

March 3, 2004.

Before MARTIN and CLAY, Circuit

Judges; and MILLS, District Judge.*

## ORDER

Lawrence Robert Boggs appeals the sentence imposed upon his plea of guilty to manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1), possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d), and possessing firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1). The parties have waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

At sentencing, the government moved the district court to depart downward from the sentencing guidelines pursuant to USSG § 5K1.1. The district court granted the government's motion, departed downward, and reduced Boggs's total offense level by one point. Thereafter, the district court sentenced Boggs to 147 months of imprisonment and three years of supervised release.

On appeal, Boggs contends that the district court abused its discretion in departing downward one point and should have departed downward further.

Upon review, we conclude that Boggs cannot challenge on appeal the extent, scope, or degree of the district court's downward departure. *See United States v. Nesbitt*, 90 F.3d 164, 166 (6th Cir.1996); *United States v. Gregory*, 932 F.2d 1167, 1168–69 (6th Cir.1991). The record clearly reveals that the district court was aware of its discretion to depart downward, so the extent of the downward departure is not reviewable. *Nesbitt*, 90 F.3d at 166.

Accordingly, we hereby affirm the district court's judgment.