**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mark LANGFORD, Defendant–**
**Appellant.**

No. 02–3127.

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2002.

Before KENNEDY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

## ORDER

Mark Langford, a federal prisoner, appeals his conviction and sentence for possession of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In an indictment filed April 5, 2001, a grand jury charged Langford with five drug-trafficking violations. Langford pleaded guilty, pursuant to a written plea agreement, to the one count mentioned above in exchange for the dismissal of the other four counts. The parties stipulated in the plea agreement that the quantity of crack cocaine was more than 50 grams and less than 150 grams, and that the government had complete discretion to move for a downward departure if Langford provided substantial assistance. Upon conducting a plea colloquy at a hearing, the district court accepted the plea and plea agreement.

In the subsequent presentence investigation report (PSR), the probation officer determined that Langford's Guidelines range of imprisonment was 151 to 188 months, based on a criminal history category of VI and a total offense level of 29. However, the probation officer recommended a one-level downward departure in the criminal history category because Langford's criminal history was overrepresented. When Langford was a juvenile, he had misrepresented his age upon arrest and throughout criminal proceedings leading to two felony drug convictions and prison terms in an adult prison. If the offenses had resulted in two juvenile adjudications, rather than felony convictions, Langford's criminal history category would have been V. Neither party filed objections to the PSR.

At sentencing, the district court denied Langford's pro se motion to continue sentencing until post-conviction proceedings on his previous felony convictions were resolved. Instead, the district court accepted the probation officer's recommendation to depart downward in the criminal history category and also granted the government's motion for a one point downward departure in offense level based on substantial assistance. With those adjustments, Langford's Guidelines range became 130 to 162 months. The district court then sentenced Langford in the middle of the range to 146 months in prison, reasoning that Langford's extensive criminal history and youth weighed against a lower sentence. The remaining counts were also dismissed.

Langford's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised the issue of whether the conviction entered

and the sentence imposed were in conformity with the law. Although Langford was advised of his right to file a response, no response has been received by this court.

Upon review, we grant counsel's motion to withdraw because counsel has filed an acceptable *Anders* brief that raises the only issue deemed to be arguable.

Langford's conviction was in conformity with law as he entered a valid plea. A review of the guilty plea transcript reveals that the district court complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure and *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988). The court first inquired whether Langford had discussed the indictment with his attorney. Langford responded affirmatively and agreed with the ·government's summary of the plea agreement. The court next quizzed Langford on the voluntariness of the plea, and informed Langford of the maximum potential penalties, the applicability of the Sentencing Guidelines, his constitutional rights, and the elements of the offense. The government then gave the factual basis for the crime. After Langford concurred, the court found that Langford was competent and that the plea was voluntary and knowing. There was no error in this regard. The validity of the guilty plea means that Langford has waived any antecedent non-jurisdictional defects in his conviction. *See Tollett v. Henderson,* 411 U.S. 258, 261–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

Langford's sentence was in conformity with the law. *See* 18 U.S.C. § 3742(a); *United States v. Lively,* 20 F.3d 193, 196–97 (6th Cir.1994). The transcript of the sentencing hearing reflects that Langford and his counsel were present and were given the opportunity to comment on the PSR, but had no objections. Langford's sentence was not in conflict with the plea

agreement because no base offense level had been agreed upon, and the government exercised its discretion to move for a downward departure for substantial assistance. The government likewise, as promised, did not oppose a reduction in the offense level for acceptance of responsibility. The district court did not abuse its discretion by denying the motion for a continuance because the denial was unlikely to prejudice Langford. Finally, Langford's sentence is within the Guidelines range and the extent of the district court's downward departures cannot be challenged. *See United States v. Nesbitt,* 90 F.3d 164, 166 (6th Cir.1996).

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.