**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**O'Rane M. CORNISH, Sr.,**
**Defendant–Appellant.**

**No. 01–6132.**

United States Court of Appeals,
Sixth Circuit.

June 12, 2003.

Before: BATCHELDER and CLAY, Circuit Judges; and SCHWARZER, District Judge.*

*ORDER*

O'Rane M. Cornish, Sr., a pro se federal prisoner, appeals his convictions. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 15, 2000, Cornish was indicted on charges of wire fraud (Count 1), money laundering (Counts 2 through 8), bank fraud (Count 9), and making a false statement on a loan application (Count 10), in violation of 18 U.S.C. §§ 1343, 1957, 1344, and 1014, respectively. A jury convicted Cornish, then represented by counsel, of all counts on February 8, 2001, and the district court denied his Fed.R.Crim.P. 29 motion for a judgment of acquittal and his Fed.R.Crim.P. 33 motion for a new trial based on newly discovered evidence. The district court thereafter sentenced Cornish to 71 months in prison, 3 years of supervised release, and $427,190.68 in restitution.

In his timely pro se appeal, Cornish argues that the district court erred by denying his motion for a new trial and that the verdict was against the weight of the evidence and was not supported by sufficient evidence. Cornish moves for leave to

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

file a reply brief and for miscellaneous relief.

Upon review, we conclude that the district court did not abuse its discretion by denying Cornish's motion for a new trial based upon newly discovered evidence. *See United States v. Glover,* 21 F.3d 133, 138 (6th Cir.1994). Despite an extremely generous six-month period given to him by the district court to produce his new evidence, he simply failed to do so.

We decline to consider Cornish's argument that the verdict was against the weight of the evidence. Although Cornish filed a motion for a new trial in the district court, he did not argue in the motion that the verdict was against the weight of the evidence presented. Thus, he has failed to preserve the issue for appeal. *See* Fed. R.Crim.P. 33; *United States v. Hernandez,* 227 F.3d 686, 695 (6th Cir.2000).

■ In his last argument, Cornish contends that the verdict was not supported by sufficient evidence. When considering whether a conviction is supported by sufficient evidence, this court reviews the evidence and all reasonable inferences in a light most favorable to the government. *United States v. Bashaw,* 982 F.2d 168, 171 (6th Cir.1992). The evidence is sufficient to support a conviction if any rational trier of fact would accept the evidence as establishing each essential element of the crime. *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This court refrains from independently judging the weight of the evidence and assessing the credibility of witnesses. *United States v. Wells,* 211 F.3d 988, 1000 (6th Cir.2000); *United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir.1995).

Sufficient evidence was presented to establish wire fraud. Evidence is sufficient to sustain a conviction for wire fraud where the government establishes: 1) the existence of a scheme to defraud; 2) the use of wire communications to further the scheme; 3) the intent to deprive a victim of money or property; and 4) material deceit. *Neder v. United States,* 527 U.S. 1, 25, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); *United States v. Horry,* 49 F.3d 1178, 1179–80 (6th Cir.1995); *see also* 18 U.S.C. § 1343. The jury could properly conclude from the witnesses' testimony that Cornish, as owner of 6C/Dahcor Industries, had devised an elaborate scheme to defraud two companies, PFS and Fed Funds, of more than $313,000, and that Cornish used wire communications to further his scheme by faxing his application to sell an account receivable to PFS. The deceit was material because the fraudulent information induced Fed Funds to purchase the account receivable. *See Neder,* 527 U.S. at 22.

■ Sufficient evidence was presented to establish seven counts of money laundering. To establish that a defendant engaged in money laundering, the government must prove that: 1) the defendant knowingly engaged or attempted to engage in a monetary transaction; 2) the defendant knew that the transaction involved criminally-derived property; 3) the property had a value greater than $10,000; 4) the property was derived from a "specified unlawful activity" listed at 18 U.S.C. § 1956(c)(7); and 5) the monetary transaction took place within the United States or within its jurisdiction, or the defendant is a United States person. *See* 18 U.S.C. § 1957(a), (d), and (f); *United States v. Griffith,* 17 F.3d 865, 878 (6th Cir.1994). Cornish does not deny that he knowingly engaged in monetary transactions by writing seven checks or that he knew he was writing checks on the Union Planters Bank account containing the money wired from Fed Funds. The checks had to have involved the criminally derived funds obtained by wire fraud as Cornish had a mere $11.72 in his account before Fed

Funds wired the money. As noted above, the criminally-derived funds had a value of more than $313,000, which is well over $10,000. Finally, wire fraud is a specified unlawful activity under 18 U.S.C. § 1956(c)(7)(A), and the transactions took place within the United States. *See* 18 U.S.C. § 1961(1); *United States v. Szur,* 289 F.3d 200, 213 (2d Cir.2002); *see also United States v. Smith,* 39 F.3d 119, 122 (6th Cir.1994) (affirming money laundering conviction based on mail and wire fraud).

■ The government presented sufficient evidence to prove all the necessary elements of bank fraud. To convict Cornish of bank fraud, the government had to prove that: 1) the defendant knowingly executed or attempted to execute a scheme to defraud a financial institution; 2) the defendant did so with the intent to defraud; 3) the financial institution was insured by the FDIC; and 4) the deceit informing the scheme to defraud was material. *Neder,* 527 U.S. at 25; *United States v. Hoglund,* 178 F.3d 410, 412–13 (6th Cir.1999). Bank officials from First American National Bank ("First American"), now known as AmSouth Bank, testified that a check from Cagle's Farms, Incorporated, made payable to the Bunge Corporation for $113,896.39 was deposited into Cornish's Dahcor bank account. Cornish's knowledge and intent were indicated by alterations on the check, the deposit of the check, and the simultaneous deposit of a money order made out to Bunge/Dahcor. A bank official testified that the bank was FDIC insured. Finally, the alterations and the money order deposit were material to the fraud because the teller otherwise might not have accepted the check for deposit.

■ Sufficient evidence existed to support Cornish's conviction for making a false statement to a bank on a loan application. Evidence is sufficient to sustain a conviction for making a false statement to a bank where the government establishes that: 1) the lending institution's deposits were federally insured; 2) the defendant made false statements to the institution; 3) the defendant knew the statements were false; and 4) the statements were made for the purpose of influencing the institution's action upon an "application, advance, ... commitment, or loan." 18 U.S.C. § 1014. Section 1014 does not contain a materiality requirement. *United States v. Wells,* 519 U.S. 482, 484, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997). The jury could properly conclude from the witnesses' testimony that Cornish, as chief operating officer of Oralcor, Incorporated, applied for a business loan from First American, the bank was federally insured, Cornish falsely stated on the application that AIP, Random Fasteners, and Alco, Incorporated, owed him amounts approximating $484,000, $289,000, and $206,000, respectively, and the statements were made to influence the bank's decision on the loan.

We decline to consider Cornish's assorted arguments that the government's witnesses were not credible. *See Wells,* 211 F.3d at 1000.

Accordingly, the motion to file a reply brief is granted, all other pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.