### UNITED STATES of America, Plaintiff–Appellee,

v.

### Orlando Felix LERMA, Defendant–Appellant.

No. 02–3265.

United States Court of Appeals, Sixth Circuit.

Jan. 23, 2004.

Louis M. Fischer, Washington, DC, for Plaintiff–Appellee.

C. Mark Pickrell, Nashville, TN, for Defendant–Appellant.

Before SUHRHEINRICH, CLAY, and SUTTON, Circuit Judges.

## ORDER

Orlando Felix Lerma, represented by counsel, appeals his judgment of conviction and sentence. This case has been referred to a panel of the Court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In September 2001, Lerma pleaded guilty to conspiring to possess with intent to distribute more than fifteen but less than fifty kilograms of cocaine in violation of 21 U.S.C. §§ 841 and 846. Lerma was sentenced to 121 months of imprisonment, plus five years of supervised release. Lerma has filed a timely appeal.

On appeal, Lerma's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he submits the following issues for review: 1) whether there was a sufficient factual basis for the guilty plea; 2) whether the district court's failure to inform Lerma of the statutory maximum and minimum penalties impaired his substantial rights; 3) whether this court may review the degree of the district court's departure from the applicable guidelines range; and 4) whether Lerma's counsel rendered ineffective assistance.

■ Initially, we conclude that the present record is inadequate to permit this Court to properly analyze Lerma's ineffective assistance of counsel claim. Generally, ineffective assistance of counsel claims are not cognizable on direct appeal because the record is inadequate to permit review; therefore, they are more properly raised in a motion to vacate under 28 U.S.C. § 2255. *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1694–95, 155 L.Ed.2d 714 (2003); *United States v. Barrow,* 118 F.3d 482, 494 (6th Cir.1997).

■ Upon review, we conclude that Lerma entered a valid guilty plea. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The record reflects that, during Lerma's plea hearing, the district court explained the rights that Lerma was waiving and determined that no additional promises had been made to compel Lerma to plead guilty. The district court also determined that Lerma understood the indictment to which he was pleading guilty. Although the court did not specifically identify the minimum and maximum penalties associated with Lerma's guilty plea, Lerma told the court that he had read the plea agreement, in particular the provision that his sentence would be subject to a guideline range of 121–151 months.

The record reflects that counsel correctly argues that the district court substantially complied with the requirements of Fed.R.Crim.P. 11. *See United States v. Williams,* 176 F.3d 301, 309–10 (6th Cir. 1999); *King v. Dutton,* 17 F.3d 151, 153–54 (6th Cir.1994). The record reflects that there was a sufficient factual basis to support the guilty plea. The district court reviewed the plea agreement, summarized the factual basis, and noted that Lerma had conspired to possess at least fifteen kilograms of cocaine with intent to deliver it. Lerma stipulated that the summary was accurate.

Counsel also correctly argues that the district court committed harmless error when it failed to advise Lerma of the statutory minimum and maximum penal-

ties. Any variance from the procedures required by Rule 11 which does not affect substantial rights shall be disregarded. *See* Fed.R.Crim.P. 11(h); *United States v. Turner*, 272 F.3d 380, 384 (6th Cir.2001) (noting that violations of Rule 11 are subject to a harmless error analysis). In this case, Lerma's plea agreement specifically provided the sentencing range for Lerma's offense, and Lerma acknowledged this fact during his plea hearing. The plea agreement provided that Lerma's offense level would be set at 31, that his Criminal History Category score ("CHC") was II, and that his applicable sentencing guidelines range was 121–151 months. Although Lerma's prior offenses would have placed him in a CHC of VI, the parties stipulated that he would be placed in a CHC of II. The court accepted the plea agreement and sentenced Lerma to 121 months of imprisonment, the low end of the applicable guidelines range. Hence, we conclude that the district court's failure to inform Lerma of the statutory maximum and minimum penalties did not affect his substantial rights, and thus, the error was harmless.

█ Finally, this Court has no jurisdiction over a defendant's appeal contesting the extent of a downward departure. *See* 18 U.S.C. § 3742(a); *United States v. Nesbitt*, 90 F.3d 164, 166 (6th Cir.1996); *United States v. Gregory*, 932 F.2d 1167, 1169 (6th Cir.1991).

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.